# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL F. ANTONELLI and NOREEN A. ANTONELLI,<br><br>    Debtors. | Case No. 17-64177-PMB<br>Chapter 7 |
| NEIL C. GORDON, Chapter 7 Trustee for the Estates of Michael F. Antonelli and Noreen A. Antonelli,<br><br>    Plaintiff,<br><br>v.<br><br>PNC BANK, N.A., successor by merger to RBC CENTURA BANK, SUNSHINE MORTGAGE CORPORATION, n/k/a SUNSHINE MORTGAGE, LC, WELLS FARGO BANK, N.A.,<br><br>    Defendants. | Adversary No. 18-05183-pmb |

## **WELLS FARGO'S ANSWER TO AMENDED COMPLAINT**

COMES NOW, Wells Fargo Bank, N.A. ("Wells Fargo") and hereby files this Answer to the Amended Complaint, respectfully showing this Honorable Court as follows:

## **AFFIRMATIVE DEFENSES**

1. The Plaintiff has failed to name a necessary party. The security deed that the Plaintiff is seeking to avoid is held by HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR15.

1

2. The Plaintiff is on constructive and/or inquiry notice of the SMC Deed (as defined in the Amended Complaint) because Exhibit A to the RBC Deed (as defined in the Amended Complaint) put all third parties on notice of the SMC Deed.

3. The Plaintiff is on constructive and/or inquiry notice of the SMC Deed (as defined in the Amended Complaint) because of the Specific Powers of Attorney from Michael Antonelli and Noreen Antonelli, recorded in Deed Book 43515, Pages 86 and 87, advising that a security deed would be executed to secure a mortgage loan from Sunshine Mortgage Corporation.

4. The Plaintiff is on constructive and/or inquiry notice of the SMC Deed (as defined in the Amended Complaint) because the properly executed Closing Attorney's Affidavit attached to the SMC Deed cured any execution defects in the SMC Deed.

5. The Plaintiff has failed to state a claim upon which relief can be granted.

6. The Plaintiff's claims are barred by the doctrine of estoppel.

7. The Plaintiff's claims are barred because he is not a bona fide purchaser for value as to the SMC Deed.

Subject to and without waiving the foregoing affirmative defenses, Wells Fargo responds to the individually numbered paragraphs in the Amended Complaint as follows:

**Jurisdiction and Venue**

1. Wells Fargo admits the allegations in Paragraph 1 of the Amended Complaint.

2. Wells Fargo admits the allegations in Paragraph 2 of the Amended Complaint.

3. Wells Fargo admits the allegations in Paragraph 3 of the Amended Complaint.

4. Wells Fargo admits the allegations in Paragraph 4 of the Amended Complaint.

5. Wells Fargo admits the allegations in Paragraph 5 insofar as it is headquartered in the United States and subject to the jurisdiction of this Court. As for the other Defendants, Wells

Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. Wells Fargo consents to entry of final judgment by this Court.

### Statement of Facts

#### a. General Background

7. Wells Fargo admits the allegations in Paragraph 7 of the Amended Complaint.

8. Wells Fargo admits the allegations in Paragraph 8 of the Amended Complaint.

9. Wells Fargo admits the allegations in Paragraph 9 of the Amended Complaint.

#### b. The Property

10. Wells Fargo admits the allegations in Paragraph 10 of the Amended Complaint.

11. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. Wells Fargo admits the allegations in Paragraph 12 insofar as an attorney-in-fact for Michael F. Antonelli and Noreen A. Antonelli executed a security deed in favor of RBC Centura Bank dated June 30, 2006. Wells Fargo denies the allegation that the name of the attorney-in-fact was Casimir S. Rejent. By way of further response, the name of the attorney-in-fact is stated to be Casimir S. Regent, III.

13. Wells Fargo admits the allegations in Paragraph 13 of the Amended Complaint.

14. Wells Fargo denies the allegations in Paragraph 14 of the Amended Complaint.

15. Wells Fargo denies the allegations in Paragraph 15 of the Amended Complaint.

16. Wells Fargo denies the allegations in Paragraph 16 of the Amended Complaint. By way of further response, the security deed attached to the Amended Complaint as Exhibit "A" is a partial copy of the RBC Deed, but is not a complete copy.

17. Wells Fargo denies the allegations in Paragraph 17 of the Amended Complaint. By way of further response, Wells Fargo states that the Waiver of Grantor's rights is a recorded page of the RBC Deed and is not a separate document recorded apart from the RBC Deed.

18. Wells Fargo admits the allegations in Paragraph 18 of the Amended Complaint.

19. Wells Fargo denies the allegations in Paragraph 19 of the amended Complaint

20. Wells Fargo denies the allegations in Paragraph 20 of the Amended Complaint. By way of further response, the document attached to the Amended Complaint as Exhibit "A" is a partial copy of the Waiver of Grantor's Rights, but is not a complete copy.

21. Wells Fargo admits the allegation in Paragraph 21 of the Amended Complaint insofar as Exhibit A states what is alleged. Wells Fargo denies the allegations in Paragraph 21 to the extent that the Plaintiff is alleging that Exhibit A is a document separate and apart from the RBC Deed.

22. Wells Fargo denies the allegation in Paragraph 22 of the Amended Complaint.

23. Wells Fargo admits the allegations in Paragraph 23 insofar as neither RBC nor Sunshine Mortgage Corporation Signed Exhibit "A" to the RBC Deed. Wells Fargo denies that Exhibit "A" is only an exhibit to the RBC Closing Attorney's Affidavit and denies all other allegations in Paragraph 23.

24. Wells Fargo denies the allegations in Paragraph 24 of the Amended Complaint.

25. Wells Fargo admits the allegations in Paragraph 25 insofar as the first page of the document attached to the Amended Complaint as Exhibit "C" is a true and correct copy of the RBC Closing Attorney's Affidavit. Wells Fargo denies the allegations in Paragraph 25 insofar as the Plaintiff is alleging that Exhibit A that is attached with the Closing Attorney's Affidavit is not connected to the rest of the security deed.

26. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. Wells Fargo admits the allegations in Paragraph 27 insofar as an attorney-in-fact for Michael F. Antonelli and Noreen A. Antonelli executed a security deed in favor of MERS as nominee for Sunshine Mortgage Corporation, dated June 30, 2006. Wells Fargo denies the allegation that the name of the attorney-in-fact was Casimir S. Rejent. By way of further response, the name of the attorney-in-fact was stated to be Casimir S. Regent, III.

28. Wells Fargo admits the allegations in Paragraph 28 of the Amended Complaint.

29. Wells Fargo admits the allegations in Paragraph 29 of the Amended Complaint.

30. Wells Fargo denies the allegations in Paragraph 30 of the Amended Complaint.

31. Wells Fargo admits the allegations in Paragraph 31 of the Amended Compliant.

32. Wells Fargo admits the allegations in Paragraph 32 of the Amended Complaint.

33. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Wells Fargo denies the allegations in Paragraph 34 of the Amended Complaint. By way of further response, the name of the attorney-in-fact was stated to be Casimir S. Regent, III.

35. Wells Fargo denies the allegations in Paragraph 35 of the Amended Complaint.

36. Wells Fargo denies the allegations in Paragraph 36 of the Amended Complaint.

37. Wells Fargo admits the allegations in Paragraph 37 insofar as the SMC Closing Attorney's Affidavit states that "[a]fter said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and 'waiver of Borrower's Rights." Wells Fargo denies the remaining allegations in Paragraph 37 of the Amended Complaint.

38. Wells Fargo admits the allegations in Paragraph 38 insofar as the SMC Closing Attorney's Affidavit does not contain the exact words that the SMC Deed "was attested according to law." Wells Fargo denies the allegations in Paragraph 38 to the extent that they have any other meaning.

39. Wells Fargo denies the allegations in Paragraph 39 of the Amended Complaint.

40. Wells Fargo denies the allegations in Paragraph 40 of the Amended Complaint.

41. Wells Fargo denies the allegations in Paragraph 41 of the Amended Complaint.

42. Wells Fargo denies the allegations in Paragraph 42 of the Amended Complaint. By way of further response, MERS assigned the SMC Deed to HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR15.

43. Wells Fargo admits the allegations in Paragraph 43 of the Amended Complaint.

44. Wells Fargo denies the allegations in Paragraph 44 of the Amended Complaint. There is no Exhibit "E" attached to the Amended Complaint.

45. Wells Fargo denies the allegations in Paragraph 45 of the Amended Complaint. By way of further response, the SMC Deed is held by HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR15.

### c. The Transferred Funds

46. Wells Fargo admits the allegations in Paragraph 46 insofar as the Debtor's Statement of Financial Affairs states that they made a payment to Wells Fargo in the amount of $19,582.74. Wells Fargo denies that any such payment in this amount was made.

47. Wells Fargo denies the allegations in Paragraph 47 of the Amended Complaint.

48. Wells Fargo denies the allegations in Paragraph 48 of the Amended Complaint.

## COUNT I

### Request to Establish Validity, Extent and Priority of Defendants' Interests

49. Wells Fargo incorporates by reference its responses to Paragraphs 1-48 of the Amended Complaint as if fully set forth herein.

50. Wells Fargo denies the allegations in Paragraph 50 of the Amended Complaint.

51. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Amended Complaint.

52. Wells Fargo admits the allegation in Paragraph 52 that the RBC Deed was recorded before the SMC Deed. Wells Fargo denies the allegations in Paragraph 52 that the RBC Deed is not subordinate to the SMC Deed.

53. Wells Fargo denies the allegations in Paragraph 53 of the Amended Complaint.

54. Wells Fargo admits that the Plaintiff prays for a determination establishing the validity and extent of the interests, and asserts that the SMC Deed is in first position.

## COUNT II

### Avoidance of the Transfers
### Under 11 U.S.C. § 544(a)(3)

55. Wells Fargo incorporates by reference its responses to Paragraphs 1-54 of the Amended Complaint as if fully set forth herein.

56. Wells Fargo denies the allegations in Paragraph 56 of the Amended Complaint.

57. Wells Fargo denies the allegations in Paragraph 57 of the Amended Complaint.

58. Wells Fargo denies the allegations in Paragraph 58 of the Amended Complaint.

## COUNT III

### Recovery of the Transfers from Wells Fargo and SMC
### Under 11 U.S.C. § 550(a)

59. Wells Fargo incorporates by reference its responses to Paragraphs 1-58 of the Amended Complaint as if fully set forth herein.

60. Wells Fargo admits the allegations in Paragraph 60 of the Amended Complaint.

61. Wells Fargo denies the allegations in Paragraph 61 of the Amended Complaint.

62. Wells Fargo denies the allegations in Paragraph 62 of the Amended Complaint.

## COUNT IV

### Preservation of Avoided Transfers
### Under 11 U.S.C. § 551

63. Wells Fargo incorporates by reference its responses to Paragraphs 1-62 of the Amended Complaint as if fully set forth herein.

64. Wells Fargo admits the allegations in Paragraph 64 insofar as 11 U.S.C. § 551 provides that avoided transfers are automatically preserved for the benefit of the estate, but denies that the Plaintiff can avoid any of the transfers at issue in this case.

## COUNT V

### Avoidance of Third Transfer
### Under 11 U.S.C. § 547, Alternative Count

65. Wells Fargo incorporates by reference its responses to Paragraphs 1-64 of the Amended Complaint as if fully set forth herein.

66. Wells Fargo admits the allegations in Paragraph 66 of the Amended Complaint.

67. Wells Fargo denies the allegations in Paragraph 67 of the Amended Complaint.

68. Wells Fargo admits the allegations in Paragraph 68 insofar as the Debtors owed an anteceded debt to SMC. Wells Fargo denies that the SMC Deed was assigned to Wells Fargo.

69. Wells Fargo admits the allegations in Paragraph 69 of the Amended Complaint.

70. Wells Fargo admits the allegations in Paragraph 70 of the Amended Complaint.

71. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75. Wells Fargo denies the allegations in Paragraph 75 of the Amended Complaint.

## COUNT VI

### Recovery of the Third Transfer from Defendant Wells Fargo Under 11 U.S.C. § 547, Alternative Count

76. Wells Fargo incorporates by reference its responses to Paragraphs 1-75 of the Amended Complaint as if fully set forth herein.

77. Wells Fargo denies the allegations in Paragraph 77 of the Amended Complaint. By way of further response, Wells Fargo is the servicer of the loan on behalf of HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR15.

78. Wells Fargo denies the allegations in Paragraph 78 of the Amended Complaint.

## COUNT VII

### Preservation of Avoided Third Transfer
### Under 11 U.S.C. § 551, Alternative Count

79. Wells Fargo incorporates by reference its responses to Paragraphs 1-78 of the Amended Complaint as if fully set forth herein.

80. Wells Fargo admits the allegations in Paragraph 80 insofar as 11 U.S.C. § 551 provides that avoided transfers are automatically preserved for the benefit of the estate, but denies that the Plaintiff can avoid any of the transfers at issue in this case.

## COUNT VIII

### Avoidance of the Fourth Transfer
### Under 11 U.S.C. § 547

81. Wells Fargo incorporates by reference its responses to Paragraphs 1-80 of the Amended Complaint as if fully set forth herein.

82. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83. Wells Fargo admits the allegations in Paragraph 83 insofar as Wells Fargo is a creditor of the Debtors with respect to Claim No. 9, which is a credit card debt. Wells Fargo is not a creditor of the Debtors with respect to the SMC Deed. Wells Fargo is the loan servicer on behalf of the creditor, HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR15.

84. Wells Fargo denies the allegations in Paragraph 84 of the Amended Complaint.

85. Wells Fargo denies the allegations in Paragraph 85 of the Amended Complaint.

86. Wells Fargo denies the allegations in Paragraph 86 of the Amended Complaint.

87. Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88. Wells Fargo denies the allegations in Paragraph 88 of the Amended Complaint.

89. Wells Fargo denies the allegations in Paragraph 89 of the Amended Complaint.

## COUNT IX

### Recovery of the Avoided Fourth Transfer
### Under 11 U.S.C. § 550

90. Wells Fargo incorporates by reference its responses to Paragraphs 1-89 of the Amended Complaint as if fully set forth herein.

91. Wells Fargo denies the allegations in Paragraph 91 of the Amended Complaint.

92. Wells Fargo denies the allegations in Paragraph 92 of the Amended Complaint.

93. Wells Fargo denies each and every allegation not specifically admitted herein.

Respectfully submitted, this 17th day of January 2019.

>  */s/ Bret J. Chaness*
>  BRET J. CHANESS (GA Bar No. 720572)
>  **RUBIN LUBLIN, LLC**
>  3145 Avalon Ridge Place, Suite 100
>  Peachtree Corners, GA 30071
>  (678) 281-2730 (Telephone)
>  (404) 921-9016 (Facsimile)
>  bchaness@rubinlublin.com
>
>  *Attorney for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of January 2019, filed the within and foregoing by CM/ECF, which will serve notice on all necessary parties.

>  */s/ Bret J. Chaness*
>  BRET J. CHANESS (GA Bar No. 720572)